UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                              Plaintiff,

                    -against-

BLEEKER WARD,

                              Defendant.

23-CV-3526 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se* and *in forma pauperis* ("IFP"), bring this action under

42 U.S.C. § 1983.[1] He sues Bleeker Ward, an individual whom Plaintiff alleges falsely accused

him of assault. For the reasons set forth below, the Court dismisses this action, but grants

Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island when he filed this action. In a notice dated April 10, 2023, Plaintiff confirmed that he was released from custody. (ECF 9.) However, according to records maintained by the New York City Department of Correction, as a result of a May 6, 2023, arrest, Plaintiff is currently detained in the Eric M. Taylor Center on Rikers Island.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff initially filed this action in the United States District Court for the Eastern District of New York. *See Hussey v. Ward*, No. 23-CV-0530 (E.D.N.Y. Mar. 24, 2023). This action was among 60 *pro se* actions filed by Plaintiff in the Eastern District in recent months, including 43 cases filed on the same day. By order dated March 24, 2023, the Eastern District transferred this action to this court. (ECF 6.) On April 26, 2023, the Eastern District also transferred to this court another action brought by Plaintiff against Defendant Bleeker Ward. *See*

*Hussey v. Ward*, No. 23-CV-1778 (E.D.N.Y. Apr. 26, 2023). That action was opened in this court under docket number 23-CV-3560 (LTS). Because that action named the same defendant and contained substantively similar allegations arising from the same events, by order dated April 28, 2023, the Court directed the Clerk of Court to file the complaint from No. 23-CV-3560 as an amended complaint in this action (No. 23-CV-3526), and to administratively close the action pending under case number 23-CV-3560. *See Hussey v. Ward*, ECF 1:23-CV-3560, 7 (S.D.N.Y. Apr. 28, 2023).

The Court construes the allegations set forth in the original complaint (ECF 1) and the amended complaint (ECF 10) as a single operative pleading in this case. The following allegations are taken from those submissions. The events giving rise to Plaintiff's claims occurred in front of 61 Center Drive in New York, New York, on October 27, 2020. He states that sole Defendant Bleeker Ward is a "stranger" whose address he does not know. (ECF 1, at 2.)[2] On October 27, 2020, Defendant made a "false statement" to a police officer with the "Central Park Precinct Detective Squad." (ECF 10, at 4.) Defendant "falsely accused" Plaintiff of "pulling her pony tail" in front of a building at 61 Center Drive while Plaintiff was "at Central Park taking selfies [and] enjoying [his] birthday." (ECF 1, at 4.) Plaintiff "recall[s] that shortly after existing there," he was asked to leave the area by a "secret agent" due to the "false statement that [Plaintiff] was clearly unaware of." (*Id.*)

Plaintiff asserts that "they've been trying to put a bad ID of my character, currently in supreme court . . . pertaining to a false statement by Bleeker Ward[.]" (*Id.*) Plaintiff's lawyer played him "an audiofile of Bleeker Ward a stranger making a false [and] defamatory

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standardized capitalization when quoting from Plaintiff's submissions. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

statement." (*Id.*) He states that in "the Bleek[er] Ward case," he was charged with assault in the

third degree and attempted assault in the third degree. (ECF 10, at 4.) Those charges have been

dismissed and are "not related to [Plaintiff's] current charges."[3] (*Id.*) Plaintiff states that "for the

record," he "did not pull her hair, never met her, never touched her, and she lied about anything

relative to me." (*Id.*)

Plaintiff alleges that as a result of Defendant's actions, he experienced emotional distress,

lost wages, and "psychological abuse." (*Id.*) He has also experienced "injuries to [his]

reputation." (ECF 1, at 5.)

Plaintiff seeks $1 million in damages and a "permanent restraining order against"

Defendant. (*Id.*)

## DISCUSSION

**A.     Section 1983 Claim against Private Party**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

the color of state law (a "state actor") violated a right secured by the Constitution or laws of the

United States. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). In a claim for relief under Section

1983, a defendant must act under the color of a state "statute, ordinance, regulation, custom or

usage," 42 U.S.C. § 1983, and private parties thus are generally not liable under the statute, *Sykes*

*v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn.*

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of*

*Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the

Government, not private parties.").

---

[3] Plaintiff does not specify the nature of his "current charges."

Plaintiff alleges that Bleeker Ward, the sole defendant in this matter, violated his rights by making false statements to police, resulting in Plaintiff's arrest. This allegation does not state a claim against Defendant under Section 1983 because, among other reasons, Defendant is a private party rather than a state actor. *See, e.g., Moreno v. Town of Greenburgh*, No. 13-CV-7101, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (holding that there was no Section 1983 action against private defendant who provided "false and misleading" information to prosecutors, "even if the information provided is deliberately false"); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 429 (S.D.N.Y. 2013) ("[E]ven assuming that [defendant] had deliberately provided false information to police, such provision alone is not sufficient" to make him a state actor). Plaintiff's Section 1983 claim against Defendant must therefore be dismissed for failure to state a claim on which relief can be granted.

**B.      Claims under State Law**

**1.          Diversity of Citizenship Jurisdiction**

Plaintiff's submissions suggest that he may be attempting to assert state law claims of defamation. Plaintiff does not, however, allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider such claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that Defendant falsely accused him of assaulting her in New York. He does not plead any facts showing that she is domiciled outside New York, and thus does not demonstrate that the Court can exercise diversity jurisdiction of his state law claims. Plaintiff

states that he does not know Defendant or her address, and it therefore appears unlikely that he

can cure this deficiency by pleading facts showing that her state citizenship is different from his.

The Court will nevertheless hold this matter open on the docket for 30 days to allow him to do

so. If Plaintiff does not file a second amended complaint within 30 days, the Court will enter

judgment dismissing this action.

**2.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)).

**C.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to file a second amended complaint for the limited purpose of alleging facts demonstrating that the Court has diversity jurisdiction of his state law claims.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from his previous submissions must be repeated in the amended complaint.

**D.      Litigation History and Warning**

Plaintiff has filed 60 cases in the Eastern District of New York in recent months, including 43 cases filed on the same day. The Eastern District has dismissed many of those actions and warned Plaintiff that future filing of vexatious and frivolous litigation may result in sanctions, including imposition of an injunction prohibiting Plaintiff from filing future actions IFP without leave of the court. *See, e.g.*, *Hussey v. Hetch*, No. 23-CV-1781 (E.D.N.Y. May 1, 2023) (dismissing the complaint for failure to state a claim and seeking relief from a defendant immune from such relief, and warning Plaintiff); *Hussey v. Defense Att'y Ofiaherty Niamh P.*, No. 23-CV-1779 (E.D.N.Y. Apr. 25, 2023) (dismissing the complaint for failure to state a claim on which relief many be granted and warning Plaintiff); *Hussey v. Driver of the 4 Train*, No. 23-CV-1786 (E.D.N.Y. Apr. 25, 2023) (same); *Hussey v. Highe School-George Wasting-House Voc & Tech High School*, No. 23-CV-0529 (E.D.N.Y. Mar. 21, 2023) (same);

This Court reiterates the Eastern District of New York's warning. If Plaintiff continues to file vexatious, frivolous, or unmeritorious complaints, the Court will issue an order directing him to show cause why he should not be barred from filing future actions IFP without prior permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to file a second amended complaint for the limited purpose of alleging additional facts demonstrating that the Court has diversity of citizenship jurisdiction of his state law claims. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-3526 (LTS). A Second Amended Complaint form is attached to this order.

If Plaintiff fails to file a second amended complaint within the prescribed time and he cannot show good cause for such failure, the Court will enter judgment dismissing the action for failure to state a claim on which relief many be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declining to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting, 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 20, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____                       _____ **Civ.** _____ (____)
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **SECOND**
**AMENDED**
           **-against-**          **COMPLAINT__**

        Jury Trial:  □ Yes    □ No
_____                       (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names.  The names*
*listed in the above caption must be identical to those contained in*
*Part I.  Addresses should not be included here.)*

**I.**      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                          1

Defendant  No. 1       Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 2       Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 3       Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant  No. 4       Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

**II.**     **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

     ☐ Federal Questions          ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

     Plaintiff(s) state(s) of citizenship _____

     Defendant(s) state(s) of citizenship _____

     _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts:  _____

_____

| **What happened to you?** | _____ |
| --- | --- |

_____

_____

_____

| **Who did what?** | _____ |
| --- | --- |

_____

_____

_____

| **Was anyone else involved?** | _____ |
| --- | --- |

_____

_____

| **Who else saw what happened?** | _____ |
| --- | --- |

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                                    3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

<div style="margin-left:40%">

Signature of Plaintiff       _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*  _____

</div>

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

<div style="margin-left:40%">

Signature of Plaintiff:     _____

Inmate Number               _____

</div>

*Rev. 12/2009*                                      4